IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:17cr42-RH

WILLIE WESLEY PENNYWELL,

    Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION

The defendant Willie Wesley Pennywell has served nearly 38 months on a 96-month below-guidelines sentence in the Bureau of Prisons. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." This order denies the motion.

I

Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Until recently, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this,

allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

Mr. Pennywell filed this motion more than 30 days after requesting relief from the warden. He has met the exhaustion-or-30-days requirement.

II

The statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also allows a reduction for a defendant over age 70 who meets other criteria, but Mr. Pennywell is age 47; he does not seek relief based on the over-70 provision.

The covid-19 pandemic is an extraordinary and compelling reason to reduce the sentence of a defendant who is at heightened risk from the disease. *See, e.g.*, *United States v. McKinney*, No. 4:04-cr-3-RH (N.D. Fla. Sept. 21, 2020); *United States v. Mize*, No. 5:15-cr-25-RH (N.D. Fla. Nov. 1, 2020); *United States v.*

*Ransom*, No. 4:10-cr-54-RH (N.D. Fla. Sept. 21, 2020). The government in this district ordinarily has acknowledged this. *See, e.g.*, *United States v. Mize*, No. 5:15-cr-25-RH, Government's Resp. to Def.'s Mot. for Compassionate Release, ECF No. 327 at 3; *see also United States v. Ransom*, No. 4:10-cr-54-RH at 5 (N.D. Fla. Sept. 21, 2020) (noting the government's inconsistent approach). That a sentence is abnormally harsh or out of line with current standards also may be an extraordinary and compelling reason to reduce the sentence. *See, e.g.*, *United States v. Cotrell*, No. 4:01-cr-11-RH (N.D. Fla. Dec. 1, 2020).

Mr. Pennywell asserts he has hypertension. The presentence report supports the assertion. This order assumes Mr. Pennywell is at heightened risk from covid-19 and is eligible for a sentence reduction on this basis. Mr. Pennywell also cites other allegedly extraordinary and compelling reasons to reduce his sentence. All have been considered.

That a defendant is *eligible* for a sentence reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable.

Based on the § 3553(a) factors, Mr. Pennywell was sentenced to 96 months, well below the properly calculated guideline range of 188 to 235 months. The sentence was fully explained on the record of the sentencing hearing. As set out in

the statement of reasons, this sentence was "sufficient," a lower sentence would not have been "sufficient," and a greater sentence was not "necessary" to comply with the statutorily defined purposes of sentencing. 18 U.S.C. § 3553(a). Based on the entire record, now including the covid-19 risk and the additional information proffered by Mr. Pennywell, the result of the § 3553(a) analysis is still the same. I conclude as a matter of discretion that Mr. Pennywell's sentence should not be reduced at this time.

### III

Mr. Pennywell has asked for appointment of an attorney, but his position has been well presented as is. This is one of many compassionate-release motions that now fall into familiar patterns. An attorney would be unable to change the facts of Mr. Pennywell's case. This order denies appointment of an attorney. But in accordance with standard practice, a copy of this order will be provided to the Federal Public Defender, who may, if he wishes, seek to represent Mr. Pennywell and present a motion to reconsider this order.

### IV

This order does not preclude the Bureau of Prisons from releasing Mr. Pennywell to home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 § 12003(b)(2). This order expresses no opinion one way or the other on whether the Bureau should do so.

V

For these reasons,

IT IS ORDERED:

1. Mr. Pennywell's motion for a sentence reduction, ECF No. 158, is denied.

2. Mr. Penny well's motion to appoint an attorney, ECF No. 159, is denied.

3. The clerk must provide copies of this order to Mr. Pennywell himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on February 4, 2021.

                                        s/Robert L. Hinkle  
                                      United States District Judge